UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Garrison,

          Plaintiff,      Case No. 19-cv-12536

v.

                              Judith E. Levy
                              United States District Judge

Camber Pharmaceuticals Inc., *et al.*,      Mag. Judge Elizabeth A. Stafford

          Defendants.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26] AND DISMISSING PLAINTIFF'S COMPLAINT AS TO LEGACY FOR FAILURE TO PROSECUTE**

On March 23, 2020, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint for failure to prosecute. On April 2, 2020, Plaintiff filed a timely objection to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72(d). (ECF No. 29.)

For the reasons set forth below, Plaintiff's objection is overruled, and the R&R is adopted. Accordingly, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to prosecute as to Legacy.

## I. Background

Plaintiff filed this pro se personal injury case against Defendant Legacy and others in August 2019. (ECF No. 1.) The case arises out of a letter that Plaintiff received from Defendant Walmart pharmacy, stating that Losartin Potassium blood pressure medication, (manufactured by Defendant Camber Pharmaceuticals), which Plaintiff takes regularly under a prescription, was part of a voluntary recall.

Defendant Legacy is a packaging and distribution company. It receives drugs from Walmart's supplier, repackages them into pharmacy-ready 30-count bottles, and ships them to Georgia, Arkansas, California, Maryland, and Indiana distribution centers. From there, Walmart ships the packages to other states, including Michigan.

In October 2019, Legacy moved to dismiss for lack of personal jurisdiction. (ECF No. 13.) Legacy's argues that there is no personal jurisdiction over it in Michigan because it never purposefully availed itself of the privilege of acting in Michigan. Legacy is neither

headquartered nor domiciled in Michigan. However, Legacy does place goods into the stream of commerce that end up in Michigan. However, Legacy argues, under Sixth Circuit law, that alone is not enough to confer personal jurisdiction on it in Michigan.

Plaintiff failed to respond to Legacy's motion. Over a month later, Magistrate Judge Stafford issued an order for Plaintiff to show cause why the complaint should not be dismissed for reasons described in Legacy's motion, or, alternatively or for failure to prosecute under Eastern District of Michigan Rule 41.2. (ECF No. 17.) Plaintiff's show cause response was due by December 9, 2019.

On December 3, 2019, the order to show cause was returned to the Court as undeliverable. (ECF No. 17.) Despite this, on December 16, 2019, Plaintiff filed a motion for an extension to respond to Legacy's motion to dismiss, which acknowledged receipt of the show cause order. (ECF No. 19.) Plaintiff stated that the show cause order was returned "undeliverable for unknown reasons." (*Id.* at PageID.85.) He also explained that, until he received the show cause order, he "was not aware that he was required to file a response. The Plaintiff believed that

3

Defendant Legacy's Motion was so without merit that he would not be required to file a response." (*Id.* at PageID.96.)

Magistrate Judge Stafford granted Plaintiff an extension of time to file a response to Legacy's motion to dismiss up to January 31, 2020. (ECF No. 24.) Yet, again, Plaintiff did not respond by the deadline. Nearly two months after Plaintiff's extended deadline passed, on March 23, 2020, Magistrate Judge Stafford issued an R&R, recommending that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. (ECF No. 26.)

Plaintiff objected in a timely manner in April, 2020. (ECF No. 28.) In his objection, he argued that he had responded to the motion to dismiss in January. But no response to the motion to dismiss was received by the Court or docketed at that time. Plaintiff attached his motion response as an exhibit to his objection.

In response to his objection, Legacy argues that Plaintiff's complaint should be dismissed. Legacy notes that Plaintiff mailed his response brief to legacy's local counsel but did not file it with the Court. Legacy references its own February 13, 2020 reply in support of its motion to dismiss, where it signaled to Plaintiff that his response papers

4

had not been filed with the Court. Legacy notes that, despite this signal, Plaintiff still did not file his response brief. Legacy also argues that, if the Court were to entertain the merits of its motion to dismiss, personal jurisdiction does not exist and Plaintiff has not met his burden that it does.

For the reasons set forth below, Plaintiff's complaint is dismissed as to Legacy.

## II. Legal Standard

Two legal standards apply to this case. First, there is the standard for what constitutes a proper objection to an R&R. Second, there is the standard for dismissals for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### a. Standard for Objections to R&R

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings,

recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

### b. Standard for Dismissal for Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides four factors to consider in determining whether a case should be dismissed for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

Moreover, the Court has inherent authority to manage its own docket. *See In re NLO*, Inc., 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial inherent power to manage their dockets").

### III. Analysis

### A. Objection to Dismissal for Failure to Prosecute

First, Plaintiff's objection is not a proper objection under Eastern District of Michigan Local Rule 72.1(d)(1). Plaintiff failed to file a response to Legacy's motion to dismiss. Therefore, the arguments he raised in his objection were raised for the first time in his objection, which is improper and the Court need not consider it.

7

A district court has discretion whether to look at new arguments or evidence presented for the first time in objections to an R&R. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court need not "summarily accept[ ] or deny[ ]" the new evidence. *Muhammad*, 2009 WL 8755520, at * 2 (quoting *Howell*, 231 F.3d at 621). The "magistrate judge system was designed to alleviate the workload of district courts . . . [and] [t]o require a district court to consider evidence not previously presented to the magistrate would   effectively nullify the magistrate judge's   consideration of the matter and would  not help to relieve the workload of the district court."  *Howell*, 231 F.3d at 622 (citations omitted). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *see also United States v. Cantrell*, No. 18-8, 2018 WL 5877214 (E.D. Ky. Nov. 9, 2018).

To summarily accept and consider Plaintiff's newly filed documents at this stage, after considerable time since his original deadline long-since passed, and many resources have been expended, would frustrate the fair and efficient administration of justice. Accordingly, the Court declines to consider Plaintiff's objection containing a late and improperly-filed response to Legacy's motion to dismiss.

But even if the Court were to consider this submission, it would not change the outcome. Judge Stafford correctly analyzed the four factors for a dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). First, she analyzed whether the party's failure is due to willfulness, bad faith, or fault. She correctly found that Plaintiff's failure to respond to the motion to dismiss on time, even after being granted an extension, shows a degree of willfulness or fault on Plaintiff's part. (ECF No. 26, PageID.139.) Second, she found that the prejudice to Legacy in being forced to litigate in Michigan where Plaintiff has not made a showing of minimum contacts in Michigan would create prejudice to Legacy. (*Id.* at PageID.139–140.) Third, the record shows that Magistrate Judge Stafford warned the Plaintiff in a November show cause and indicated to him that he is required to prosecute his case or

9

face dismissal. (Id. at PageID.140.)   Plaintiff's failure to act even after that indicates that this dismissal is appropriate as Plaintiff has essentially abandoned his case. (*Id.*) Accordingly, the four factors are satisfied.

Plaintiff's pro se status does not change the outcome. He has been granted leniency but is still responsible for adhering to court-ordered deadlines. ("[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). And here, he has failed to do so. Accordingly, dismissal is appropriate.

### B. Personal Jurisdiction

Even if the Court were to consider Plaintiff's late-and-improperly-filed response to the motion to dismiss, Plaintiff has not given this Court any reason to believe it has personal jurisdiction over Legacy. "The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1494, 1458 (6th Cir. 1991). Further, "in the face of a properly supported motion for dismissal, the plaintiff may

not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. Further, where affidavits are relied upon, the plaintiff need only make a prima facie showing that personal jurisdiction exists. *Id*.

Once the Court is properly presented with a Rule 12(b)(2) dismissal motion, it has three alternatives to choose from in its discretion: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id*. The pleadings and affidavits must be viewed in the light most favorable to the Plaintiff. *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)

In this Court's view, it is appropriate in this case to decide Legacy's motion on the written submissions alone. Here, the Court is presented with an affidavit from Brad Rayner, who is the Vice President of Sales and Marketing for Legacy. (ECF No. 13-2.) Rayner sets forth facts in his affidavit indicating that Legacy is not organized under Michigan law or headquartered in Michigan. Also, the affidavit sets forth that Legacy packages, labels, and ships its bottles of medicine only to Georgia, Arkansas, California, Maryland, and Indiana. *Id*. Further, he states that

11

"Legacy does not even know where the product goes after that," and that none of Legacy's process or operations—from receipt, to repackaging, to distribution, to having operations or employees—touch Michigan. *Id.*

Plaintiff's purported response does not contain an affidavit or any other facts that support a finding of personal jurisdiction. (*See* ECF No. 28, PageID.152–154.) Instead, Plaintiff seeks to conduct discovery on this issue. However, Plaintiff is not entitled to jurisdictional discovery, particularly where, as here, he has not demonstrated that he will be able to obtain the facts needed to withstand the motion to dismiss. *See Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 810 (E.D. Mich. 2015) (denying jurisdictional discovery request to overcome a Rule 12(b)(1) motion).

Nor does he set forth a prima facie case for jurisdiction in his compliant. He only alleges that, "[a]t all times relevant Defendant Legacy has conducted its business in Michigan." (ECF No. 1, PageID.2.) He cites no examples or other allegations beyond this bare conclusion. Nothing in his complaint or purported motion response suggest that Legacy has any connection to Michigan, has purposefully availed itself within Michigan, or has otherwise consented to jurisdiction in Michigan. Accordingly, even

if this case were to proceed, Legacy's motion to dismiss for personal jurisdiction would be granted and the case would be dismissed as to it.

### C. Remaining Defendants

It is unclear to this Court whether the R&R recommended dismissal as to all Defendants, or just as to Legacy. Both Walmart and Camber have filed answers in this case. (ECF Nos. 11, 22.) For this reason, they will not be dismissed.

### IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 26.) Plaintiff's case is dismissed with prejudice as to Legacy for failure to prosecute.

IT IS SO ORDERED.

Dated: September 30, 2020       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2020.

     s/William Barkholz
     Case Manager