NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| Michael Garrison, Plaintiff, | Civil No. 20-15720 (RBK-SAK) in MDL 2875 (RBK-SAK) (*In re* Valsartan, Losartan, and Irbesartan Multi-District Litigation) |
| v. | **Opinion/Order DENYING Plaintiff's Motion to Strike Defendants' Opposition** |
| Camber Pharmaceuticals, *et al.*, Defendants. | |

**KUGLER**, United States District Judge:

**THIS MATTER HAVING COME BEFORE** the Court upon the *pro se* plaintiff's, Michael Garrison's, motion to strike (Doc. 44) pursuant to *Fed. R. Civ. Proc. 12(f)* ["FRCP" or "Rule"] a letter (Doc. 41) filed by defendants Camber Pharmaceuticals, Legacy Pharmaceutical Packaging, and Walmart Pharmacy [collectively "Camber"], which was an opposition to Mr. Garrison's motion for leave to file a summary judgment motion ["SJ leave"].

**IT IS HEREBY ORDERED THAT:**

For the reasons set forth below and for good cause shown, plaintiff's motion to strike is **DENIED**.

### 1.0   BACKGROUND AND PROCEDURE

In 2019, *pro se* plaintiff Michael Garrison initiated this action against Camber in the Eastern District of Michigan, claiming personal injury resulting from ingestion of a hypertensive drug, losartan, which the FDA had recalled in 2018 and 2019 for alleged contamination with cancer-causing nitrosamines. (Doc. 1, ¶¶ 7-36). In 2020, the Judicial Panel on Multidistrict Litigation ["JPML"] named this Court as the transferee court responsible for all civil actions alleging injury caused by the ingestion of three chemically-related hypertensives—valsartan, losartan, and irbesartan—and identified the resultant multi-district litigation as *In re Valsartan, Losartan, and Irbesartan* Multi-District Litigation ["Valsartan MDL"] and numbered as MDL 2875. On or about 10 November 2020, the JPML transferred this action to the MDL, and therefore to this Court, which now has exclusive jurisdiction over this action.

Earlier this year, the Court denied two of Mr. Garrison's motions , both relating to summary judgment. The denials were grounded in MDL Case Management Orders ("CMOs") 23 and 24. CMO 23 states, "[n]o summary judgment motions may be filed without leave of court"; and, CMO 24 requires that, once a case is transferred into the MDL, a plaintiff must file a short form complaint within 30 days of transfer in order to become a party to the MDL.

More specifically, on 20 April 2022, seemingly unaware of the requirements of CMOs 23 and 24, Mr. Garrison filed a motion for summary judgment (Doc. 37), which, on 13 May 2022, the Court denied without prejudice and explained the constraints of CMO 23. Doc. 39.

On 31 May 2022, again seemingly unaware of the requirements of CMO24 and in an attempt to comply with CMO 23, Plaintiff then filed a motion for leave to file a summary judgment motion ["motion for leave"]. Doc. 40. On 21 June 2022, Camber timely filed an opposition in letter form seeking the Court's denial of motion for leave. Doc. 41. On 23 June 2022, this Court denied Mr. Garrison's motion for leave, again without prejudice. In that denial, we explained that, absent discovery as to any losartan injury in general or specifically, a summary judgment motion was procedurally, legally, and logically premature. Doc. 43.

On 6 July 2022, plaintiff filed pursuant to *Rule 7(b)* a motion to strike Camber's opposition to the motion for leave. Mr. Garrison reasoned that Camber's opposition was not "in proper motions form." Doc. 44: 1. Mr. Garrison warned, that were his motion to strike denied, he intended filing an interlocutory appeal to the U.S. Court of Appeals for the Third Circuit. *Id*. at 1-2. `

On 28 July 2022, Camber filed an opposition to the motion to strike, requesting that Mr. Garrison stop wasting the Court's and defendants' time with "continued, unnecessary and premature motion practice." Doc. 47: 2. Camber also seeks that a restraint be placed on Mr. Garrison's filing an interlocutory appeal, averring "there is no basis for such an appeal." *Id*. Plaintiff filed no reply.

2.0     LEGAL STANDARD

*Rule* 12(f) provides "[t]he court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." [emphasis added]. *Rule* 7(a) enumerates the exhaustive list of permitted pleadings:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

As a general principle of jurisprudence, this Court highly disfavors "motions to strike under Rule 12(f)." *F.T.C. v. Hope Now Modifications*, LLC, No. 09–1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011).

**3.0    DISCUSSION**

In his motion to strike, Mr. Garrison contends that Camber's opposition in letter form to his motion for leave violates the procedural formality required by *Rule 7(b)*.[1]

Camber asserts that the District of New Jersey Local Civil Rules indeed permit oppositions to be in letter format, and, more importantly, attacks the legal propriety of the motion to strike, arguing it is not legally or procedurally proper.

We agree with Camber.  Foremost, we find the plain language of *Rule 7b* NOT to spell out or specify any format for any motion brief.   The specificity of motion briefs, oppositions, replies, etc. are left to the Local Rules of each District Court.

 Although Mr. Garrison has styled it a motion to strike, his submission is itself improper under *Rule 12 f*.  The Court assumes that what Mr. Garrison intended by his motion to strike was to eliminate Camber's opposition against his motion for leave, relying on formality grounds of *Rule 7b*.  Inasmuch as the District of New Jersey Local Rules allow oppositions to be filed in letter form, or indeed in any format that purports to be an opposition (*see L.Civ.R. 7.1(d) )*, Camber's opposition to Mr. Garrison's motion for leave is procedurally proper.   Therefore, Mr. Garrison's motion fails on it face and the motion to strike could be denied on this point alone.

Wanting to give Mr. Garrison a clearer understanding why his motion complies with neither the law, the Federal Rules of Civil Procedure, nor with the procedural requirements of the Valsartan MDL, this Court paints a fuller picture of the procedural and legal impropriety of the motion to strike.

First, Mr. Garrison has never complied with the Valsartan MDL procedural requirements, in particular, with CMOs 13A and 24. Specifically, he has never filed a Short Form Complaint in the MDL,

---

[1] Rule 7(b):

**Rule 7-Pleadings Allowed; Forms of Motions**

**(b) Motions and Other Papers.**
**(1)** An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
**(2)** The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.
**(3)** All motions shall be signed in accordance with Rule 11.

which works with his original complaint in the Eastern District of Michigan to serve as his entry into the MDL.  Consequently, Mr. Garrison's status as a plaintiff in the MDL is as yet unperfected.   By nonetheless providing this opinion/order, the Court does not grant Mr. Garrison a waiver for having to file a short form complaint in the Valsartan MDL as required by CMO13A, but rather intends this opinion/order to underscore for Mr. Garrison that he needs to file a short form complaint as soon as possible, otherwise defendants may request the Court to terminate this action for cause.

Second, Mr. Garrison's multiple attempts to obtain summary judgment and thereby get a quick award for his injury, are legally unripe and impossible to be acted on by any Court.[2]  Although Mr. Garrison may perceive that his attempts to obtain summary judgment have been denied "simply because [he] did not request [l]eave," this is inaccurate. Doc. 44.  Summary judgment is improper before completion of discovery.  Since discovery related to any losartan drug-caused injury is substantially lacking, summary judgment is simply impossible to entertain at this time.  As much as he may want to, Mr. Garrison cannot speed up the litigation process of this MDL.

Additionally, Mr. Garrison's motion to strike does not comply with the Federal Rules of Civil Procedure. While permitting a party to request a court to strike information, as a procedural mechanism, *Rule 12(f)* is available *only for pleading*s, which are listed above, and is unavailable for a party's opposition to a motion.  This Court routinely denies motions to strike against any other court filing not listed in *Rule 7(a)*. *See, e.g.*, *Kaplan v. Saint Peter's Healthcare Sys.*, CV132941MASTJB, 2019 WL 1923606 (D.N.J. Apr. 30 2019). Thus, that Mr. Garrison seeks to strike an opposition letter by Camber is patently improper. It is a fundamental right of the Federal Rules of Civil Procedure that opposing parties may argue their position before a Court so that the Court decide on proper relief.

Moreover, the motion to strike is procedurally deficient according to the District of New Jersey Local Rules *7.1(d)(1) and 7.1(e)*, which require that a motion be filed with an accompanying brief and a proposed order. Plaintiff's motion to strike lacks both.

In summary, Mr. Garrison cannot subvert the Federal Rules of Civil Procedure to his own needs, that is, by trying to knock out Camber's opposition to his own motions, especially when his own motions are themselves improper under the Federal Rules.  Although Mr. Garrison states he will file an interlocutory appeal to the Third Circuit upon denial of the motion to strike, the Court informs Mr. Garrison outright that he has no legal basis—not under statute, procedural rule, or jurisprudential doctrine—that can support such an appeal.   Nonetheless, the Court refuses, as Camber requests, to muzzle Mr. Garrison with a restraint against filing what will amount to a frivolous appeal in the Third

---

[2] To be clear, a court may resolve a motion for summary judgment pursuant to *Fed. R. Civ. Proc.* 56 only after a showing that no genuine dispute of material fact exists.  Here, at a minimum, the material facts relate to Mr. Garrison's injury and the carcinogenicity of the losartan he ingested.   Without substantial discovery of undisputed, material facts, there can be no ripe determination on legal grounds alone.

Circuit.  Should Mr. Garrison choose to do that, Camber is at liberty and within their legal rights to file for sanctions against Mr. Garrison under the Federal Rules, especially *Rule* 11(b)(2).

Perceiving Mr. Garrison's frustration over the seemingly unending and obtuse barriers to getting compensation for his alleged injuries, the Court advises Mr. Garrison that MDLs of this size and complexity do not move quickly or simply and asks him to consider whether he would not be better served by seeking a legal practitioner's guidance to avoid penalty for frivolous filing.

### 4.0    CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike is denied.

Date: 6 October 2022                                                                                   s/ Robert B. Kugler
                                                                                                                   Robert B. Kugler
                                                                                                                   United States District Judge